UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-CR-20079-SEITZ

UNITED STATES OF AMERICA,
    Plaintiff,

v.

JAVARIUS MARQUEL HOLMES,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about September 12, 2016, court-appointed defense counsel Sky Smith ("Counsel") submitted a voucher application numbered 113C.0000005 with appended time sheets requesting $19,325.44 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). In support of his request for compensation, Counsel submitted a Motion to Modify Attorney's Fee Payment Pursuant to the Criminal Justice Act and Exceed the Aggregate Limit (the "Motion") wherein he provided additional detail of the work he spent on this matter and the reasons therefor.

In the Motion, Counsel explains that this "was an unusually time consuming case." (Motion at 1). Counsel maintains that the defendant was "engaged in all aspects of the representation." (Motion at 1). The defendant's "involvement was ongoing and ceaseless" and consequently, Counsel incurred more time representing the defendant than in a typical case. (Motion at 1). As a result, Counsel incurred a significant number of hours and seeks compensation in an amount in excess of the standard cap for felony non-death penalty representations.

As Counsel's voucher exceeds the cap, the undersigned met with Counsel on October 4, 2016 to discuss the voucher. A brief recitation of the history of the case is instructive. The defendant was originally charged by criminal complaint on January 22, 2016. [*See* DE # 1]. Counsel was appointed on January 29, 2016 to represent Defendant in these proceedings [*See* DE # 5]. The defendant was later indicted on February 5, 2016. [*See* DE # 15]. The defendant entered a guilty plea on April 12, 2016. [*See* DE # 38]. The defendant was sentenced on September 7, 2016. [*See* DE # 70].

In the instant voucher, Counsel seeks compensation for the period of representation from January 29, 2016 through September 8, 2016. Counsel seeks $19,325.44 in his application, an amount which exceeds the $10,000.00 maximum allowed for trial representation in non-capital felony cases under the CJA. As a result, United States District Judge Patricia A. Seitz entered an Order of Reference [DE # 71] referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

### Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). Before the recommended fee amount may exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3); *see also* Section § 230.23.40(b) of the Guidelines. Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation. *See* Section § 230.2310(c)(3) of the Guidelines.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

Here, the applicable CJA maximum allowed compensation amount for non-capital trial proceedings is $10,000.00. Counsel's fee request exceeds this maximum allowed compensation amount. Consequently, before the Court can recommend the approval of the fee voucher request in the amount requested by Counsel, the Court must conclude that this case involved "extended" or "complex" representation, and that the amount requested is

necessary to provide Counsel with fair compensation.

Based upon the undersigned's review of the docket, the Motion and the voucher submitted by Counsel, the undersigned concludes that counsel's representation of Defendant was indeed complex and that there is a sufficient basis upon which to justify recommending that Counsel should be compensated in excess of the statutory maximum allowed under the CJA.

## DISCUSSION

### Counsel's Representation in This Case Was Complex

Counsel asks the Court to find that his representation is sufficient to justify compensation in excess of the cap. The undersigned finds that the case was sufficiently complex to justify compensation in excess of the cap. This case is complex because there is a particular twist to this case that made it unique: "[t]his case was originally filed and is still active in the State of Florida criminal court system. Consequently, investigation of Mr. Holmes's case within that jurisdiction was an assistance to discovery in this case and its eventual disposition." (Motion at 2). The fact that the defendant had parallel charges in the state court system required Counsel to have "numerous meetings with both the Federal and recently, the State authorities attempting to mitigate his sentence and to hopefully assist a reduction in the future." (Motion at 1).

As the undersigned concludes that this case is complex, the undersigned must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $10,000.00 statutory maximum.

### *Voucher Amount - The CJA Administrator's Review*[1]

### In-Court Hours

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to the Court's review. Counsel requested compensation for 10.4 in-court hours totaling $1,341.60. The CJA administrator made no changes to this requested amount.

### Out-of-Court Hours

In the voucher, Counsel sought compensation for 134.6 out-of-court hours for a total of $17,363.40. Counsel sought compensation for 59.3 hours for "Interviews and conferences" and 26.6 hours for "Obtaining and reviewing records." Counsel also sought 19.7 hours for "Legal research and brief writing" and 5.8 hours for "Investigative and Other Work." Counsel sought 23.2 hours for "Travel Time." The CJA administrator reviewed the 134.6 out-of-court hours sought by Counsel but made no changes.

### Expenses

Counsel sought $256.44 for "Travel Expenses." The CJA administrator reduced the amount sought to $252.88. Counsel also sought $364.00 in "Other Expenses." The CJA administrator reduced this amount to $354.00.

### *Voucher Amount - The Undersigned's Review*

### In-Court Hours

Counsel requested compensation for 10.4 in-court hours totaling $1,341.60. The CJA administrator made no changes to this requested amount. I approve the amount of

---

[1] The undersigned defers to the CJA Administrator to verify all in-court hours and expense allowances.

$1,341.60 as reasonable.

## Out-of-Court Hours

Counsel sought a significant number of out-of-court hours in this matter: $17,363.40. A review of the voucher reflects that Counsel included a large number of entries for time Counsel spent with the defendant's family. These entries are not appropriately compensable under the CJA. During the October 4, 2016 meeting, Counsel acknowledged that the defendant's family was very engaged and wanted to be involved in all decisions made in the case. Counsel spent countless hours counseling the defendant's family regarding the status of the case and the charges against the defendant. Counsel's voucher reflects that Counsel had twenty meetings[2] to discuss the case with the defendant's family members.

Time spent by Counsel keeping the defendant's family members informed and abreast with happenings in the case is not compensable. The Supplemental Instructions for completing CJA20 Vouchers form ("Supplemental Instructions") provided by the Court to all CJA counsel submitting vouchers makes clear that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." Thus, the numerous hours that Counsel spent "hand holding" the defendant's family is not compensable because it is unrelated to the litigation of the case and it is time that did not contribute to the defendant's defense.

---

[2] The undersigned will not detail each and every meeting or discussion Counsel had with defendant's family but the undersigned notes that Counsel seeks compensation for twenty meetings and discussions with the defendant's family in the voucher. The dates for these entries are: 2/1/06, 2/2/16, 2/10/16, 2/18/16, 2/23/16, 3/8/16, 3/22/16, 3/26/16, 3/29/16, 3/30/16, 4/1/16, 4/5/16, 4/11/16, 4/19/16, 5/16/16, 5/31/16, 6/21/16, 6/19/16, 7/6/16 and 9/7/16.

-6-

I therefore recommend that the voucher should be reduced to reflect that the time spent by Counsel holding the hand of both the defendant and the defendant's family is not compensable. Courts are given the discretion to make a percentage reduction of fees rather than engage in a time consuming dissection of a fee application hour-by-hour. *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) (explaining that "[w]here fee documentation is voluminous, such as in the instant case, an hour-by-hour review is simply impractical and a waste of judicial resources.") The undersigned hereby recommends a 30% reduction of Counsel's out-of-court hours (from $17,363.40 to $12,154.38). Said reduction appropriately provides Counsel with adequate compensation for the out-of-court hours Counsel appropriately incurred in this case.

### Expenses

Counsel sought $256.44 for "Travel Expenses." The CJA administrator reduced the amount sought to $252.88. Counsel also sought $364.00 in "Other Expenses." The CJA administrator reduced this amount to $354.00. The undersigned concludes that the adjusted amounts sought for "Travel Expenses" ($252.88) and "Other Expenses" ($354.00) are reasonable.

### CONCLUSION

In making this recommendation, the undersigned draws upon his experience of having been in private practice for 37 years - a large portion of that time spent practicing criminal law - from which the undersigned has acquired expertise in calculating reasonable and necessary time expenditures.

Counsel should be commended for his professionalism and willingness to take this appointment. Notwithstanding this appreciation, some of the time incurred by Counsel is non-reimbursable under the rules established in the Guidelines and in the Supplemental Instructions which preclude the undersigned from awarding Counsel full compensation for all time incurred in this matter.

As the representation provided by Counsel to Defendant in this case was complex, the undersigned recommends that Counsel be reimbursed for an amount in excess of the statutory maximum of $10,000.00 in this case. Based upon the Court's review of the voucher, time sheets, Motion, docket and filings in this case, it is hereby RECOMMENDED that: Counsel be paid $14,102.86 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this 17th day of October, 2016.

BARRY L. GARBER
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
  Sky Smith, Esq.
  CJA administrator