**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 16-20079-CR-SEITZ

UNITED STATES OF AMERICA

     Plaintiff,

vs.

JAVARIUS MARQUEL HOLMES,

     Defendant.

_____/

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Defendant's Request to Appoint Federal Public Defender for Davis Relief [DE 84]. Defendant's motion asks that the Court appoint counsel to assist him obtain conviction relief pursuant to *United States v. Davis*, 139 S.Ct. 2319 (2019). The Government has not responded and the time for doing so has elapsed. As discussed below, because the Defendant does not have a right to post-conviction counsel and *Davis* does not apply to his case, the Court denies the Motion.

I. Background

On April 12, 2016, pursuant to a plea agreement, Defendant pled guilty to two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and one count of Brandishing a Firearm in furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) [DE 39]. On September 14, 2016, the Defendant was sentenced to 180 months' imprisonment consisting of 96 months as to the Hobbs Act robbery counts concurrent with each other, and consecutive to 84

months' imprisonment for the Brandishing a Firearm in furtherance of a Crime of Violence count [DE 70]. The Defendant did not appeal his sentence.[1]

Defendant's current motion seeks conviction relief pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019), related to his § 924(c) conviction. [DE 84]. Defendant contends that the Supreme Court's determination in *Davis* that the residual clause of 18 U.S.C. § 924 (c) is unconstitutionally vague is applicable to his case. However, for the following reasons, Defendant is not entitled to the relief he seeks.

II.    Legal Analysis

The Eleventh Circuit has "consistently held that there is no federal constitutional right to counsel in postconviction proceedings." *United States v. Aviles*, 380 Fed. Appx. 830, 831 (11th Cir. 2010) (citing *Barbour v. Haley*, 471 F.3d 1222, 1227 (11th Cir. 2006)); see also *Arthur v. Allen*, 452 F.3d 1234, 1249 (11th Cir. 2006), modified on reh'g, 459 F.3d 1310 (11th Cir. 2006); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003); *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) (per curiam); *Presnell v. Zant*, 959 F.2d 1524, 1532 n. 6 (11th Cir. 1992). Rather, "[D]efendants have a Sixth Amendment right to counsel on direct appeal, but not when they collaterally attack their sentences." *United States v. Berger*, 375 F. 3d 1223, 1226 (11th Cir. 2004); see *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Therefore, "Counsel must be appointed for an indigent federal habeas petitioner only when the interests of justice or due process so require." *United States v. Aviles*, 2010 WL 2070677, * 1 (11th Cir. May 25, 2010) (citing *Schultz v.*

---

[1] On February 14, 2017, Defendant filed a prior Motion to Vacate pursuant to 28 U.S.C. § 2255 that the Court denied on August 13, 2018. *Javarius Marquel Holmes v. United States of America*, 17-20567-CIV-Seitz/White.

*Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983)). When a postconviction petition lacks merit, a court may properly decide not to appoint counsel. *Id.*

In this case, Defendant's conviction became final on September 27, 2016—14 days after entry of his judgment of conviction because Defendant did not pursue a direct appeal. *See* Fed. R. App. Proc. 4(b)(1). As such, although the Defendant filed the instant Motion in his criminal case, rather than filing a separate Motion pursuant to § 2255, the Defendant's motion is a post-conviction attack on his sentence. See *Barbour v. Haley*, 471 F.3d at 1228, 1231 (discussing distinctions in direct appeals and postconviction relief).  The Defendant therefore does not have a constitutional right to appointed counsel at this stage of the proceedings. [2]

Defendant also is not entitled to have the Court, in the exercise of its discretion, appoint counsel based upon the interests of justice or due process because *Davis* is not applicable to his case. *Davis* examined the constitutionality of Section 924(c) of Title 18 of the United States Code. That statute criminalizes the use or carrying of a firearm during and in relation to a crime of violence. See 18 U.S.C. § 924(c)(1)(A).[3] The term "crime of violence" is defined in two subparts: § 924(c)(3)(A),

---

[2] The Court is aware that there are other post-conviction proceedings in which a defendant arguably is entitled to counsel.  However, the relief that the Defendant seeks here is solely based on the Supreme Court's ruling in *Davis*, which in this case does not implicate post-conviction remedies other than § 2255.

[3] Specifically, 18 U.S.C. § 924(c)(1)(A) provides, in relevant part,

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
. . .
        (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years;
. . .

referred to as the "use of force clause," or "elements clause" and § 924(c)(3)(B), referred to as the "residual clause."[4]  See *Thompson v. United States*, 924 F.3d 1153, 1155 (11th Cir. 2019).  In *Davis*, the Supreme Court held that the residual clause, § 924(c)(3)(B), was unconstitutionally vague. See *Davis*, 139 S. Ct. at 2336. However, *Davis* left intact the § 924(c)(3)(A) "elements clause." *See id*. The Defendant therefore is not entitled to relief pursuant to *Davis*, unless his § 924 (c) conviction falls within the invalidated "residual clause" rather than the still valid "elements" or "use of force clause".

The Eleventh Circuit, prior to *Davis*, held that a conviction for substantive Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s elements clause because it requires the use, attempted use, or threatened use of force against the person or property of another. *In re Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016).  After *Davis*, in distinguishing the substantive act of Hobbs Act robbery from conspiracy to commit Hobbs Act robbery, the Eleventh Circuit again recognized that Hobbs Act robbery constitutes a crime of violence. *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019).  Recently, in an unpublished opinion, the Eleventh Circuit reaffirmed its prior holdings and confirmed that even after the Supreme Court's holding in *Davis*, a conviction for substantive Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s elements clause. *United States v. Buckner*, No. 16-16825, 2020 WL 1527727, *4 (11th Cir. March 31, 2020) (citing *United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018), abrogated on other

---

[4] Section § 924(c)(3), provides,

For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

grounds by *Davis*, ⸺ U.S. ⸺, 139 S. Ct. 2319, 204 L.Ed.2d 757)).  Finally, in *United States v. Gibbs-King*, No. 19-11802, 2020 WL 1527700 (11th Cir. March 31, 2020), the Eleventh Circuit made clear that *Davis'* invalidation of § 924(c)(3)'s residual clause did not impact the qualification of Hobbs Act robbery as a crime of violence.

Here, Defendant pleaded guilty to two counts of Hobbs Act robbery and one count of Brandishing a Firearm in furtherance of a Crime of Violence.  Defendant thus "brandished" a firearm during the Hobbs Act robbery, which the Eleventh Circuit has repeatedly made clear, qualifies categorically as a crime of violence under the elements clause.  Defendant's § 924(c) conviction therefore did not rest on the-now unconstitutional residual clause of that statute.[5] Simply put, *Davis* is not applicable to the Defendant's conviction; his post-conviction request lacks merit and does not raise concerns of "due process" or the "interests of justice." Accordingly, the Court declines to exercise its discretion to appoint counsel to assist Defendant in challenging his § 924 (c) conviction based on *Davis*.

Based on the foregoing, it is

ORDERED THAT Defendant's Motion to Appoint Federal Public Defender for Davis Relief [DE 84] is **DENIED.**

DONE and ORDERED in Miami, Florida, this 4th day of May, 2020.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Cc:    Counsel of record

---

[5] To the extent the Defendant contends that it was his co-defendant, rather than he who brandished the firearm during the Hobbs Act Robbery, that argument is irrelevant to assessing the applicability of *Davis* to this case.  Moreover, the Court previously rejected that exact argument in the Defendant's first § 2255. See *Javarius Marquel Holmes v. United States of America*, 17-20567-CIV-Seitz/White.